# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

AARON OUTLAW #353-433      *

    Plaintiff      *

    v      *      Civil Action No. DKC-11-1554

RICHARD DOVEY, et al.,      *

    Defendants      *
    ***

## MEMORANDUM OPINION

The above-captioned case was filed on June 6, 2011, together with a motion for leave to proceed in forma pauperis. Because he appears to be indigent, Plaintiff's motion shall be granted. Plaintiff seeks declaratory and injunctive relief as well as money damages and claims Defendants continue to knowingly miscalculate his release date following his rearrest and subsequent parole revocation.

Plaintiff states that he was sentenced to five years imprisonment for drug possession with intent to distribute by the Circuit Court for Baltimore City following a November 10, 2008, violation of probation and was paroled from that sentence on November 25, 2009.[1] Shortly thereafter, a retake warrant was issued by the Maryland Parole Commission charging Plaintiff with violating the conditions of parole. Plaintiff was returned to the Maryland Division of Correction (DOC) on January 6, 2010. He had remained on parole 103 days.

On June 17, 2010, Plaintiff was convicted of an unrelated drug charge and sentenced to two years incarceration, consecutive to all outstanding and unserved sentences.[2] The following

---

[1] Plaintiff lists that case as Case No. 105250030. ECF No. 1 at 10.

[2] Plaintiff lists that case as Case No. 810021031. ECF No. 1 at 10.

day, June 18, 2010, the Maryland Parole Commission (MPC) conducted a hearing and revoked the earlier parole, giving Plaintiff 103 days' credit for "street time."

Plaintiff now claims the two sentences have been aggregated in violation of state law[3], resulting in improper calculation of the maximum expiration date of the five-year term of incarceration. There is no indication that Plaintiff has successfully challenged the alleged miscalculation in the Maryland courts.[4]

The claim asserted would, if found meritorious, affect Plaintiff's period of incarceration. Although Plaintiff is pursuing this claim under 42 U.S.C. §1983, because the relief he is seeking would have the effect of shortening his period of confinement, this action might be better construed as a petition for writ of habeas corpus under 28 U.S.C. §2241. *See Preiser v. Rodriguez*, 411 U. S. 475 (1973). As presented here, such claim would be subject to dismissal for failure to exhaust available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

A prisoner challenging the way the Division of Correction is calculating his sentence computation has two possible avenues for relief in the state courts. First, regardless of whether he believes he is entitled to an immediate release, a prisoner may challenge the calculation of his sentences and/or diminution credits through administrative proceedings by: filing a request under the administrative remedy procedure, Division of Correction Directive 185-001 *et seq.*, to the warden of the institution where he is confined; appealing a denial of the request by the warden to the Commissioner; filing a complaint with the Inmate Grievance Office, ("IGO"); appealing a

---

[3] *See* Md. Code, Corre. Serv. § 3-701 (definition of "terms of confinement").
[4] Plaintiff claims he complained to the named Defendants and received "an official acknowledgment that the Department of Corrections must access his new sentence concurrently with his old sentence because no other sentence was in place and [Plaintiff's] old term [of] parole had not been revoked." ECF No.1 at 8. The acknowledgement is not provided.

final decision of the IGO to the Circuit Court; and if necessary, filing an application for leave to appeal to the Court of Special Appeals of Maryland from the decision of the Circuit Court. If the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, the prisoner must also seek permission to appeal to to the Court of Appeals of Maryland.

A prisoner claiming an entitlement to an immediate release can also seek relief bypassing administrative remedies and proceeding directly to the state courts by filing a petition for writ of habeas corpus in a Circuit Court.[5] If unsuccessful, the prisoner may appeal the Circuit Court decision to the Court of Special Appeals[6] and thereafter may seek permission for further review from the Court of Appeals.

Following exhaustion of state court remedies, the prisoner may seek habeas corpus relief in federal court pursuant to 28 U.S.C. § 2241, using forms available from the Clerk of Court. At that time he may also seek damages for any harm caused by miscalculation of his term of confinement. At present, however, this court does not have jurisdiction to consider a claim for damages emanating from the time to be served following revocation of plaintiff's parole and his sentence calculation based on his subsequent conviction and sentence on other charges. In light of this fact, the Complaint must be dismissed without prejudice.

---

[5] In *Maryland House of Correction v. Fields*, 348 Md. 245, 261 (1997) the Maryland Court of Appeals held that a prisoner presenting a colorable claim of entitlement to immediate release based upon the calculation of diminution credits was entitled to seek habeas corpus relief without first exhausting his administrative remedies. It did not address the situation where a prisoner was not claiming entitlement to immediate release. *See also* Md. Rule 15-302(a) (1).

[6] Although at one time, this Court interpreted Maryland law as not permitting an appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Maryland Court of Appeals have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits. *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).

Accordingly, by separate order which follows, the case will be dismissed without prejudice as premature. The Clerk will be directed to provide Plaintiff with the appropriate forms so that he may return to this Court after completion of state court review.


Date:   June 16, 2011                                     /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge